IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-00781

SMONET TECHNOLOGY CO., LTD., JIANGXI HENGZHI INDUSTRIAL CO., LTD., YICHUN YIYANG YUNMI SMART APPLIANCE FLAGSHIP STORE, CHENGDU XINWEIJIA FABRIC SALES CO., LTD., SHENZHEN HONGJUNTANG CULTURE CO., LTD., GUANGZHOU RONGYIWANG ELECTRONIC COMMERCE CO., LTD., AND SHENZHEN HANZHANGLI TRADING CO., LTD.

*Plaintiffs*,

v.

PINE LOCKS,

*Defendant*.

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiffs Smonet Technology Co., Ltd., Jiangxi Hengzhi Industrial Co., Ltd., Yichun Yiyang Yunmi Smart Appliance Flagship Store, Chengdu Xinweijia Fabric Sales Co., Ltd., Shenzhen Hongjuntang Culture Co., Ltd., Guangzhou Rongyiwang Electronic Commerce Co., Ltd., and Shenzhen Hanzhangli Trading Co., Ltd. (collectively "Plaintiffs"), by and through their undersigned counsel, hereby respectfully states the following complaint for declaratory judgment against Defendant Pine Locks ("Defendant" or "Pine Locks"):

### I.     NATURE OF THE ACTION

1. This is an action for declaratory judgment that Plaintiffs do not infringe U.S. Patent No. 10,378,239 (the "'239 Patent").  This is also an action for declaratory judgment that the '239 patent is invalid. A true and accurate copy of the '239 Patent is attached hereto as

1

Exhibit 1. On information and belief, Pine Locks is the assignee of all rights, title, and interest in the '239 Patent.

## II.  PARTIES

2. Plaintiff Smonet Technology Co., Ltd. ("Smonet") is company organized and existing under the laws of Hong Kong.  It has a place of business at Unit 01,10F Carnival Comm Bldg., 18 Java Road, North Point, Hong Kong SAR.  Plaintiff is a wholesaler of smart lock products under the Smonet and Hornbill brands.

3. Plaintiff Jiangxi Hengzhi Industrial Co., Ltd. ("BerryColo") is a company organized and existing under the laws of China, with a place of business at Yichun City, Jiangxi Province, China.  It operates an Amazon storefront known as BerryColo.  It sells Smonet brand smart locks obtained from Smonet.

4. Plaintiff Yichun Yiyang Yunmi Smart Appliance Flagship Store ("COOLBUY100") is a company organized and existing under the laws of China, with a place of business at Yichun City, Jiangxi Province, China.  It operates an Amazon storefront known as COOLBUY100.  It sells Smonet brand smart locks obtained from Smonet.

5. Plaintiff Chengdu Xinweijia Fabric Sales Co., Ltd. ("Luhande") is a company organized and existing under the laws of China, with a place of business at Chengdu City, Sichuan Province, China. It operates an Amazon storefront known as Luhande.  It sells Smonet brand smart locks obtained from Smonet.

6. Plaintiff Shenzhen Hongjuntang Culture Co., Ltd. ("irenasky") is a company organized and existing under the laws of China, with a place of business at Shenzhen City, Guangdong Province, China.  It operates an Amazon storefront known as irenasky.  It sells Hornbill brand smart locks obtained from Smonet.

7. Plaintiff Guangzhou Rongyiwang Electronic Commerce Co., Ltd. ("UpVigorous") is a company organized and existing under the laws of China, with a place of business at Guangzhou City, Guangdong Province, China. It operates an Amazon storefront known as UpVigorous. It sells Hornbill brand smart locks obtained from Smonet.

8. Plaintiff Shenzhen Hanzhangli Trading Co., Ltd. ("homide") is a company organized and existing under the laws of China, with a place of business at Shenzhen City, Guangdong Province, China. It operates an Amazon storefront known as homide. It sells Hornbill brand smart locks obtained from Smonet.

9. Upon information and belief, Defendant Pine Locks., is an Isle of Man corporation, having a place of business at 24 Athol Street, Douglas, Isle of Man, IM1 1JA.

### III.   JURISDICTION AND VENUE

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (patent infringement), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. This Court has personal jurisdiction over Defendant because of Defendant's continuous and systemic contacts with the State of Colorado and this District. Defendant's patent licensing counsel has an office at 445 Broadway, Denver, Colorado. Based on information and belief, Defendant communicates with its patent counsel regularly to strategize and implement its patent licensing programs, including by processing and collecting royalty payments through its patent counsel in Colorado. On information and belief, Defendant Pine Locks has entered into multiple license agreements designating the State of Colorado as the

forum for resolving disputes arising out of the license agreements.

13. Venue properly exists in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the declaratory judgment claim occurred in this District and defendant has purposely directed activities giving rise to the declaratory judgment claim to this District. Furthermore, on information and belief, Defendant has entered into various license agreements designating the State of Colorado as the forum for resolving disputes arising out of the license agreements, including an agreement between Defendant and Plaintiff Smonet.

14. Venue also properly exists in this Judicial District pursuant to 28 U.S.C. §1391(b)(3) and §1391(c)(3) because Pine Locks is not a resident in the United States and may be sued in any judicial district.

## IV. FACTUAL BACKGROUND

15. Plaintiffs BerryColo, COOLBUY100, Luhande, irenasky, UpVigorous, and homide (collectively "Retail Plaintiffs") sell on Amazon either the Smonet or Hornbill brand smart lock products they receive from Smonet.

16. On information and belief, Defendant Pine Locks submitted takedown notices on or about early July 2022 through its agent to Amazon against several Retail Plaintiffs, alleging that certain Smonet brand smart lock products infringe on the '239 Patent.

17. As a result, Amazon delisted a number of Plaintiffs' products, including but not limited to the smart lock products associated with the following Amazon Standard Identification Numbers (hereinafter "ASIN"): B08HLH2ZHP, B089XXJ983, B08FR31H3M, B08HLFC2WP, B08149TWDX, B088CZ2TF8, B08FR1RHRT, B08GK4C438, B09HBGXCB8, B09PHF8PZC, B08XQBL9P4, B08GX62YGS, B09PFZ2ZFS, B093GCTDVP, B081JPJ8FW, B081JQX6BY,

B08Z8587CT, B08Z7LRPPF, B08HLT93W7, B08FX53LBJ, B08JLYQLHX, B08BYQ7F78, B08HN4WLW5, B08HYR8JKH, B099NBNXB4, B099NR4VJM, B09CT6RCN8, B09ND7XLJ5, B08LZJFKNF, B092ZSHTXB, B099N75KCD, and B09CZ4R5YX.

18. Plaintiff Smonet contacted Pine Locks to negotiate a license. On or about July 9, 2022, Pine Locks and Smonet executed a patent license agreement entitled "Pine Lock's Non-Exclusive Limited License Agreement". Under the terms of the license agreement, Smonet is obligated to pay fees so that the Retail Plaintiffs may continue selling Smonet and Hornbill brand smart lock products on Amazon. The license agreement includes an appendix providing a non-exclusive list of licensed products. The license agreement also contains a provision prohibiting Smonet from challenging or assisting others to challenge the validity or enforceability of the '239 Patent (the "No Challenge Clause"). Although the license agreement allows Plaintiffs to sell or offer for sale their products on Amazon for a limited period, the license agreement makes the No Challenge Clause enforceable indefinitely.

19. Following the execution of the July 9, 2022, license agreement (which has limited scope), Smonet and Pine Locks have engaged in negotiations to discuss a new license to replace the executed agreement. An updated new license agreement would have allowed the Retail Plaintiffs to continue sales on Amazon into 2023 and beyond. Counsel for Smonet and Pine Locks have exchanged numerous emails and phone calls since October 2022. The license negotiation proves unsuccessful. The parties have disagreed regarding whether the '239 Patent is valid, and whether the No Challenge Clause is enforceable. Pine Locks indicated it would initiate patent infringement proceedings against Plaintiffs absent a renewed license agreement.

20. On or about March 8, 2023, Defendant Pine Locks requested the initiation of a patent dispute procedure administered by Amazon known as the Amazon Patent Evaluation

Express Procedure ("APEX Procedure") in order to remove several Smonet and Hornbill branded smart lock ASIN listings. The products subject to the APEX request are associated with the following ASIN listings: B08FR31H3M, B08149TWDX, B08PB7YFPK, B08NWXQS4Q, B09WYQ14Z5, B0BHZDB1MR, and B09CTLZ57Y. These ASINs are sold respectively by Plaintiffs BerryColo, COOLBUY100, Luhande, irenasky, UpVigorous, and homide. Some of these ASIN listings are listed in the appendix to the July 9, 2022, license agreement but no longer qualify as licensed products due to the limited scope of the executed agreement. Some of these ASIN listings are not listed in the appendix to the July 9, 2022, license agreement. Pine Locks asserts in the APEX Procedure that these ASINs all infringe claim 1 of the '239 Patent.

21. On or about March 9, 2023, Amazon notified the affected Retail Plaintiffs of Pine Locks' APEX request. Amazon's notice provided the Retail Plaintiffs with three options. First, a Retail Plaintiff may elect to resolve its claim with Pine Locks directly and have the patent owner submit a retraction notice to Amazon within three weeks of receipt of the APEX notice. Second, the Retail Plaintiff may return a signed APEX agreement within three weeks to Amazon and choose to participate in the APEX Procedure. Third, the Retail Plaintiff may choose to file a declaratory judgment lawsuit against Pine Locks within three weeks. On information and belief, if the Retail Plaintiff does not exercise any of these options, Amazon will remove the ASIN listings at issue.

22. Based on information and belief, if the Retail Plaintiff fails to participate in the APEX Procedure within three weeks of receipt the APEX notice, and fails to file a declaratory judgment lawsuit within three weeks, it not only will result in delisting of the ASIN listings included in the original APEX request, but it will also allow Pine Locks to take down additional ASIN listings not included in the original APEX request summarily. Pine Locks may submit a

form takedown notice targeting the additional ASIN listings. Amazon may not initiate a second APEX Procedure but instead remove the listings summarily.

23. The APEX Procedure is an extra-judicial process with the stated goal to efficiently resolve claims that third-party product listings infringe utility patents. The APEX Procedure does not allow for discovery, trial, or a hearing. The APEX Procedure permits only two defenses other than non-infringement. The first is a finding of patent invalidity or unenforceability by a court or federal governmental agency. The second is a showing that the accused product was on sale for more than one year before the asserted patent's earliest effective filing date.

24. A majority of the U.S. sales of the Smonet and Hornbill brand smart lock products are made via the Amazon marketplace. Smonet and the Retail Plaintiffs suffered significant financial losses as a result of Defendant Pine Lock's past takedown notices. Absent a declaration of non-infringement, or invalidity, Defendant will continue to utilize Amazon's administrative and extra-judicial procedures to remove Smonet and Hornbill brand smart lock from the Amazon marketplace, causing even more financial harm to Plaintiffs.

25. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether certain Smonet and Hornbill brand smart lock products infringe the '239 Patent and whether the claims of the '239 Patent are valid and enforceable.

### V.   PLAINTIFFS DO NOT INFRINGE THE '239 PATENT

26. The '239 Patent was issued on August 13, 2019. The '239 Patent has 23 claims, of which claims 1 and 5 are independent.

27. Defendant has alleged that the Smonet and Hornbill smart lock products infringe claim 1 of the '239 Patent.

7

28.     Claim 1 of the '239 Patent recites:

A locking system comprising:

a lock body including a locking element,

a moving mechanism coupled to and configured to operate the locking element,

an electrical controller configured to control the moving mechanism,

the lock body further comprising a facility for receiving electrical commands for the electrical controller;

a separate mobile electronic device for providing said electrical commands to direct the electrical controller to at least control the moving mechanism to move the locking element into one of an unlocked position or a locked position,

wherein the electrical controller is configured to control the moving mechanism to move to the unlocked position, and including a user operable slider which is configured to be moved to mechanically operate the locking system to move the locking element into the locked position.

29.     The Smonet and Hornbill smart lock products do not meet at least one claim limitation recited in claim 1 of the '239 Patent, including but not limited to the limitation that reads "including a user operable slider which is configured to be moved to mechanically operate the locking system to move the locking element into the locked position."

30.     The Smonet and Hornbill smart lock products do not meet at least one claim limitation recited in claim 5 of the '239 Patent, including but not limited to the limitation that reads "said storage device being configured to receive said electrical power to temporarily power

and operate said electrical controller and said moving mechanism solely from said mobile cell phone device."

31. As a result, Plaintiffs do not infringe either claim 1, or any other claims of the '239 Patent.

## VI.   THE '239 PATENT IS INVALID

32. At least one or more of the claims of the '239 Patent are invalid at least for failure to comply with the requirements for patent laws of the United States, including but not limited to 35 U.S.C.§§ 102, 103, and 112.

33. For example, at least claim 1 of the '239 Patent is anticipated and/or rendered obvious in view of several prior art references and on-sale products disclosing keyless smart lock systems prior to its effective filing date.

34. For example, a start-up company Apigy Inc. marketed its keyless smart lock systems under a Lockitron brand as early as 2011. Based on information and belief, the first Lockitron system was disclosed to the public as early as 2021. It comprises a lock body including a locking element such as deadbolt, and a moving mechanism configured to operate the locking element. The Lockitron system also allows electronic devices such as smartphones to lock and unlock the deadbolt. The Lockitron system also has a thumbturn to mechanically operate the deadbolt. A product demo video posted on YouTube on or about May 2011 is available at https://youtu.be/mQCJgx_kofo. The Lockitron system thus anticipates the '239 Patent. Alternatively, the Lockitron system renders claim 1 of the '239 Patent obvious alone or in combination of other prior art prior art references or on-sale products, including for example additional Lockitron products Apigy marketed in years 2011 through 2013.

35. Around the same time Apigy was marketing its keyless smart lock products,

similar products were shown to the public and sold under household brands such as SCHLAGE. For example, based on information and belief, SCHLAGE sold a touchscreen deadbolt lock model BE469 prior to the effective filing date of the '239 Patent. Based on information and belief, the SCHLAGE BE469 product comprises of a lock body including a locking element such as deadbolt, and a moving mechanism configured to operate the locking element. The SCHLAGE BE469 product also allows electronic devices such as smartphones to lock and unlock the deadbolt. The SCHLAGE product also has a thumbturn to mechanically operate the deadbolt. The SCHLAGE product thus anticipates the '239 Patent. Alternatively, the SCHLAGE product renders claim 1 of the '239 Patent obvious alone or in combination of other prior art prior art references or on-sale products,

## FIRST CAUSE OF ACTION
### Declaratory Judgment – Non-Infringement of the '239 Patent

36. The allegations of paragraphs 1 through 35 are incorporated herein by reference with the same force and effect as if set forth in full below.

37. An actual, substantial, continuing, and justiciable case or controversy exists regarding whether any valid claim of the '239 Patent is or will be infringed by Plaintiffs' products.

38. Declaratory relief is appropriate and necessary to establish that the sale or offer of sale of Plaintiffs' products do not infringe, either directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '239 Patent.

39. Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Plaintiffs' products do not infringe any valid claim of the '239 Patent.

## SECOND CAUSE OF ACTION
### Declaratory Judgment – Patent Invalidity

40. The allegations of paragraphs 1 through 39 are incorporated herein by reference with the same force and effect as if set forth in full below.

41. An actual, substantial, continuing, and justiciable case or controversy exists regarding whether one of more claims of the '239 Patent is valid and/or enforceable.

42. Declaratory relief is appropriate and necessary to establish that one or more claims of the '239 Patent is invalid and the sale or offer of sale of Plaintiffs' products do not infringe any valid and enforceable claim of the '239 Patent.

43. Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that one or more claims of the '239 Patent are invalid.

### THIRD CAUSE OF ACTION
**Declaratory Judgment that Smonet Owes No Royalties**

44. The allegations of paragraphs 1 through 43 are incorporated herein by reference with the same force and effect as if set forth in full below.

45. An actual, substantial, continuing, and justiciable case or controversy exists regarding whether Smonet has any obligations to pay royalties to Pine Locks under the terms of the July 9, 2022, license agreement if the '239 Patent is deemed to be invalid or not infringed.

46. Declaratory relief is appropriate and necessary to establish that Smonet owes no royalties to Pine Locks if the '239 Patent is declared to be invalid or not infringed.

### FOURTH CAUSE OF ACTION
**Declaratory Judgment that the No Challenge Clause Is Not Enforceable**

47. The allegations of paragraphs 1 through 46 are incorporated herein by reference with the same force and effect as if set forth in full below.

48. Over fifty years ago, the U.S. Supreme Court found that enforcing a no-challenge clause in a patent license agreement undermines the strong federal policy favoring the full and

free use of ideas in the public domain. *Lear, Inc. v. Adkins*, 395 U.S. 653, 674 (1969) (invaliding a non-challenge clause in a patent license agreement).

49. An actual, substantial, continuing, and justiciable case or controversy exists regarding whether the No-challenge Clause in the July 9, 2022, license agreement is valid or enforceable.

50. Declaratory relief is appropriate and necessary to establish that the No-challenge Clause in the July 9, 2022, license agreement is invalid or unenforceable.

## VII.   JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment as follows:

A. Declare that one or more claims of the '239 Patent are invalid;

B. Declare that Plaintiffs' products do not infringe and have not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '239 Patent;

C. Declare that the No-challenge Clause in the July 9, 2022, license agreement is invalid or unenforceable;

D. Declare Plaintiffs as the prevailing party and this case as exceptional and award Plaintiffs its reasonable attorney fees pursuant to 35 U.S.C. § 285;

E. For recoverable costs as allowed by law; and

F. For such other and further relief as the court deems just and proper.

DATED: March 28, 2023               Respectfully submitted,

By: */s/ Dustin L. Taylor*

Dustin L. Taylor
HUSCH BLACKWELL LLP
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Telephone: 303-749-7200
FAX: 303-749-7272
E-mail: dustin.taylor@huschblackwell.com

Hua Chen (*General Admission forthcoming*)
SCIENBIZIP, P.C.
550 S Hope Street, Suite 2825
Los Angeles, CA 90071
Telephone:  213-426-1778
FAX: 213-426-1788
Email: huachen@scienbizippc.com

*Attorneys for Plaintiffs
Smonet Technology Co., Ltd.
Jiangxi Hengzhi Industrial Co., Ltd., Yichun Yiyang Yunmi Smart Appliance Flagship Store, Chengdu Xinweijia Fabric Sales Co., Ltd., Shenzhen Hongjuntang Culture Co., Ltd., Guangzhou Rongyiwang Electronic Commerce Co., Ltd., and Shenzhen Hanzhangli Trading Co., Ltd.*